Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

MIGUEL VENEGAS CANO, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

TACO MIX LLC (D/B/A TACO MIX), JORGE SANCHEZ, AND ALEJO SANCHEZ,

*Defendants.*

------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Miguel Venegas Cano ("Plaintiff Venegas" or "Mr. Venegas"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against each of Defendants Taco Mix LLC (d/b/a Taco Mix) ("Defendant Corporation"), Jorge Sanchez, and Alejo Sanchez ("Individual Defendants") (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Venegas is a former employee of Defendants Taco Mix LLC (d/b/a Taco Mix), Jorge Sanchez, and Alejo Sanchez.

2. Defendants own, operate, or control a Mexican restaurant located at 234 East 116th Street, New York, New York 10029, under the name "Taco Mix."

3. Upon information and belief, the Individual Defendants, Jorge Sanchez and his son Alejo Sanchez, serve or served as owners, managers, principals, or agents of Defendant

Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise together with other "Taco Mix" locations in Brooklyn, the Bronx, and Inwood.

4. Plaintiff Venegas was employed by Defendants as a delivery worker. However, he was also required to spend a substantial part of every shift, more than two hours and more than 20% of each workday, performing non-tipped duties, including washing dishes, assisting the food preparer, carrying stock from the basement and putting it away in the refrigerator, receiving and storing deliveries of food and sodas in the basement, taking out the garbage, and breaking down and tying cardboard (hereinafter, the "non-tipped duties").

5. At all times relevant to this Complaint, Plaintiff Venegas worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Venegas for all of the hours recorded on Defendants' own time-keeping system, and paid him for his hours over 40 per week at his straight-time rate, in cash, rather than at one and one-half times his regular rate of pay.

7. Further, Defendants failed to pay Plaintiff Venegas the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8. Defendants employed and accounted for Plaintiff Venegas as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

9. Regardless, at all relevant times, Defendants paid Plaintiff Venegas at a rate that was lower than the required tip-credit rate.

10. Under state law, Defendants were not entitled to take a tip credit because Plaintiff Venegas's non-tipped duties exceeded two hours and 20% of each workday, 12 N.Y.C.R.R. § 146-2.9, and because Defendants never provided him with the written notice of the tip credit required by 12 N.Y.C.R.R. §§ 146-1.3 and 146-2.2.

11. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Venegas's actual duties in payroll records by designating him as a delivery worker instead of a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Venegas at the minimum wage rate and enabled them to pay him at a lower tip-credited rate.

12. In addition, Defendants required Plaintiff Venegas to purchase, at his own expense, the "tools of the trade" necessary to perform his delivery work, including an electric bicycle, electric motors, and replacement parts, and never reimbursed him for those costs.

13. Defendants' conduct extended beyond Plaintiff Venegas to all other similarly situated employees.

14. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Venegas and other employees to work in excess of 40 hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15. Plaintiff Venegas now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), and the New York City Earned Safe and Sick Time

Act, N.Y.C. Admin. Code § 20-911 *et seq.* ("ESSTA"), including applicable liquidated damages, interest, attorneys' fees, and costs.

16. Plaintiff Venegas seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff Venegas's state and city law claims under 28 U.S.C. § 1367(a).

18. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this District, Defendants maintain their corporate headquarters and offices within this District, and Defendants operate a restaurant located in this District. Further, Plaintiff Venegas was employed by Defendants in this District.

## PARTIES

*Plaintiff*

19. Plaintiff Miguel Venegas Cano is an adult individual residing in Bronx County, New York.

20. Plaintiff Venegas was employed by Defendants at Taco Mix from approximately June 2024 until on or about October 25, 2026.

21. Plaintiff Venegas consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22. At all relevant times, Defendants owned, operated, or controlled a Mexican restaurant located at 234 East 116th Street, New York, New York 10029, under the name “Taco Mix.”

23. Upon information and belief, Taco Mix LLC (d/b/a Taco Mix) is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 234 East 116th Street, New York, New York 10029.

24. Upon information and belief, Defendants also own, operate, or control additional “Taco Mix” restaurants, including at 220 36th Street, Brooklyn, New York 11232; 610 Exterior Street, Building B, Level 4, Bronx, New York 10451; and 586 West 207th Street, New York, New York 10034. These locations share a common name, menu, ownership, and management with the 116th Street restaurant.

25. Defendant Jorge Sanchez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jorge Sanchez is sued individually in his capacity as owner, officer, and/or agent of Defendant Corporation. Defendant Jorge Sanchez possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Venegas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26. Defendant Alejo Sanchez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alejo Sanchez is sued

individually in his capacity as owner, officer, and/or agent of Defendant Corporation. Defendant Alejo Sanchez possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Venegas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27. Defendants acted through managers and supervisors, including individuals known to Plaintiff Venegas as "Maritere," who set his schedule, told him when to report to and leave work, and handed him his weekly pay; "Rafael," who directed his work during his shifts; and Miguel Coto, a manager who hired him.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28. Defendants operate a Mexican restaurant located in the East Harlem section of Manhattan in New York City.

29. The Individual Defendants, Jorge Sanchez and Alejo Sanchez, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

30. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31. Each Defendant possessed substantial control over Plaintiff Venegas's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Venegas, and all similarly situated individuals, referred to herein.

32. Defendants jointly employed Plaintiff Venegas (and all similarly situated employees) and are Plaintiff Venegas's (and all similarly situated employees') employers within the meaning of 29 U.S.C. § 201 *et seq.* and the NYLL.

33. In the alternative, Defendants constitute a single employer of Plaintiff Venegas and/or similarly situated individuals.

34. Upon information and belief, Jorge Sanchez and Alejo Sanchez operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by, among other things: (a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity; (b) defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records; (c) transferring assets and debts freely as between all Defendants; (d) operating Defendant Corporation for their own benefit as the sole or majority shareholders; (e) operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation; (f) intermingling assets and debts of their own with Defendant Corporation; (g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests; and (h) other actions evincing a failure to adhere to the corporate form.

35. At all relevant times, Defendants were Plaintiff Venegas's employers within the meaning of the FLSA and the NYLL. Defendants had the power to hire and fire Plaintiff Venegas, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for his services.

36. In each year from 2024 to 2026, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis, such as meats, produce, tortillas, and sodas, were produced outside the State of New York.

*Individual Plaintiff*

38. Plaintiff Venegas is a former employee of Defendants who was employed as a delivery worker but who spent more than two hours and more than 20% of each workday performing the non-tipped duties described above.

39. Plaintiff Venegas seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Miguel Venegas Cano*

40. Plaintiff Venegas was employed by Defendants from approximately June 2024 until on or about October 25, 2026.

41. Defendants employed Plaintiff Venegas as a delivery worker, but they also required him to work as a dishwasher, food preparation helper, and porter.

42. Plaintiff Venegas regularly handled goods in interstate commerce, such as food, beverages, and other supplies produced outside the State of New York.

43. Plaintiff Venegas's work duties required neither discretion nor independent judgment.

44. In addition to his deliveries, Plaintiff Venegas was required each workday to spend approximately 1 to 1.5 hours washing dishes, approximately 1 hour assisting the food preparer, approximately 1 hour carrying items up from the basement and putting them away in the refrigerator, approximately 30 minutes carrying incoming food and soda deliveries down to the basement and storing them, approximately 30 minutes taking out the garbage, and approximately 30 minutes breaking down and tying cardboard.

45. Plaintiff Venegas therefore regularly spent well over two hours, and more than 20% of each workday, performing the non-tipped duties described above.

46. Throughout his employment with Defendants, Plaintiff Venegas regularly worked in excess of 40 hours per week.

47. From approximately June 2024 until approximately September 2026, Plaintiff Venegas worked from approximately 5:00 p.m. until on or about 3:30 a.m. the following morning, Mondays, Tuesdays, Thursdays, Fridays, Saturdays, and Sundays (typically 63 hours per week).

48. From approximately September 2026 until on or about October 25, 2026, Plaintiff Venegas worked from approximately 5:00 p.m. until on or about 2:30 a.m. the following morning on Mondays, Tuesdays, and Thursdays, and from approximately 5:00 p.m. until on or about 3:30 a.m. the following morning on Fridays, Saturdays, and Sundays (typically 60 hours per week).

49. In addition, throughout his employment, Defendants required Plaintiff Venegas to continue working approximately 20 to 30 minutes past his scheduled departure time every day.

50. Defendants maintained a time-keeping system, and Plaintiff Venegas recorded his hours under an assigned personal code.

51. Throughout his employment, Defendants paid Plaintiff Venegas weekly, every Friday, in a combination of cash and check.

52. Upon information and belief, Defendants purported to pay Plaintiff Venegas a tip-credited hourly rate of approximately $11.50 per hour.

53. Defendants paid Plaintiff Venegas for the hours he worked in excess of 40 per week, to the extent they paid him for those hours at all, at his straight-time rate, in cash, and never at one and one-half times his regular rate of pay.

54. Because Defendants were not entitled to a tip credit, Plaintiff Venegas was entitled to the full New York City minimum wage of $16.00 per hour in 2024, $16.50 per hour in 2025, and $17.00 per hour in 2026, and to overtime at one and one-half times those rates. Even if Defendants had been entitled to a tip credit, the rate Defendants paid Plaintiff Venegas was below the minimum cash wage for tipped employees in each year of his employment.

55. From the beginning of his employment until approximately June 2026, Defendants did not grant Plaintiff Venegas any meal break or rest period of any kind. From approximately June 2026 until the end of his employment, Defendants nominally permitted Plaintiff Venegas a 30-minute break, but that break was regularly interrupted by work.

56. Defendants never granted Plaintiff Venegas an additional hour of pay at the minimum wage rate for each day in which the length of the interval between the beginning and end of his workday exceeded 10 hours.

57. Defendants never informed Plaintiff Venegas, in writing or otherwise, that they intended to take a deduction against his wages for tips he received, and never provided him the written tip-credit notice required under New York law.

58. Upon information and belief, Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices regarding the payment of

minimum wage and overtime under the FLSA and NYLL. Plaintiff Venegas never saw any such posting at the restaurant.

59. Defendants required Plaintiff Venegas to sign receipts in order to receive his weekly pay. Upon information and belief, these receipts and the pay slips Defendants gave Plaintiff Venegas did not accurately reflect the hours he worked or his rates of pay.

60. Defendants did not provide Plaintiff Venegas an accurate statement of wages with each payment of wages, as required by NYLL § 195(3). The pay slips Defendants provided listed hours and rates that were false.

61. Defendants did not give any notice to Plaintiff Venegas, in English or in Spanish (the language he reads and understands best), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

62. Defendants required Plaintiff Venegas to purchase "tools of the trade" with his own funds, including an electric bicycle, two electric motors for the bicycle, tools for maintaining the bicycle, and four replacement tubes, all of which he used to perform deliveries for Defendants. Defendants never reimbursed him for these costs.

63. Defendants' failure to provide the wage notice and accurate wage statements required by NYLL §§ 195(1) and 195(3) caused Plaintiff Venegas concrete, downstream harm. Because the pay slips misstated his hours and rates and Defendants never told him in writing his regular rate, overtime rate, or the tip credit they claimed, Plaintiff Venegas could not determine whether he was being paid correctly or calculate what he was owed. He was thereby delayed in discovering and challenging Defendants' underpayment of his minimum wage, overtime, and spread of hours pay, and Defendants were able to continue underpaying him for the duration of his employment.

64. Defendants did not provide Plaintiff Venegas with any paid safe and sick time, did not permit him to accrue paid safe and sick time, did not provide him with written notice of his rights under ESSTA, and did not provide him, for any pay period, with documentation showing the amount of safe and sick time accrued and used and his remaining balance.

*Defendants' General Employment Practices*

65. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Venegas (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

66. Plaintiff Venegas was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

67. Defendants required Plaintiff Venegas and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

68. Plaintiff Venegas and all similarly situated employees, ostensibly employed as tipped employees by Defendants, in reality spent more than two hours and more than 20% of each workday performing non-tipped duties.

69. New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips are not customarily received for two hours or more, or for more than 20% of his shift, whichever is less. 12 N.Y.C.R.R. § 146-2.9.

70. Plaintiff Venegas's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

71. In violation of federal and state law as codified above, Defendants classified Plaintiff Venegas and other delivery workers as tipped employees, and paid them at a rate that was lower than the required tip-credit rate, when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

72. Defendants failed to inform Plaintiff Venegas who received tips that Defendants intended to take a deduction against his earned wages for tip income, as required by the NYLL, before any deduction was taken.

73. Defendants failed to inform Plaintiff Venegas that his tips were being credited towards the payment of the minimum wage.

74. Defendants failed to maintain a record of tips earned by Plaintiff Venegas for the deliveries he made to customers.

75. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

76. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Venegas and other similarly situated former workers.

77. Defendants failed to provide Plaintiff Venegas and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary,

piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

78. Defendants failed to provide Plaintiff Venegas and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

79. As a result of Defendants' failure to provide Plaintiff Venegas and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

80. Plaintiff Venegas brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., all non-exempt employees, including but not limited to delivery workers, dishwashers, food preparers, cooks, and counter workers, who

are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the Complaint in this case (the "FLSA Class Period").

81. At all relevant times, Plaintiff Venegas and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols, and plans including willfully failing to pay them overtime at a rate of one and one-half times their regular rates for work in excess of 40 hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

82. The claims of Plaintiff Venegas stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

83. Plaintiff Venegas repeats and realleges all paragraphs above as though fully set forth herein.

84. At all times relevant to this action, Defendants were Plaintiff Venegas's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Venegas (and the FLSA Class members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

85. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

86. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r)-(s).

87. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Venegas (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek.

88. Defendants' failure to pay Plaintiff Venegas (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

89. Plaintiff Venegas (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

90. Plaintiff Venegas repeats and realleges all paragraphs above as though fully set forth herein.

91. At all times relevant to this action, Defendants were Plaintiff Venegas's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Venegas, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

92. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, including 12 N.Y.C.R.R. §§ 146-1.2, 146-1.3, 146-2.2, and 146-2.9, paid Plaintiff Venegas less than the minimum wage, took a tip credit to which they were not entitled, and failed to pay him for all hours worked.

93. Defendants' failure to pay Plaintiff Venegas the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

94. Plaintiff Venegas was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

95. Plaintiff Venegas repeats and realleges all paragraphs above as though fully set forth herein.

96. Defendants, in violation of N.Y. Lab. Law § 650 *et seq.* and 12 N.Y.C.R.R. § 146-1.4, failed to pay Plaintiff Venegas overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek.

97. Defendants' failure to pay Plaintiff Venegas overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

98. Plaintiff Venegas was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

99. Plaintiff Venegas repeats and realleges all paragraphs above as though fully set forth herein.

100. Defendants failed to pay Plaintiff Venegas one additional hour's pay at the basic minimum wage rate for each day Plaintiff Venegas's spread of hours exceeded 10 hours, in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. § 146-1.6.

101. Defendants' failure to pay Plaintiff Venegas an additional hour's pay for each day his spread of hours exceeded 10 hours was willful within the meaning of NYLL § 663.

102. Plaintiff Venegas was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

103. Plaintiff Venegas repeats and realleges all paragraphs above as though fully set forth herein.

104. Defendants failed to provide Plaintiff Venegas with a written notice, in English and in Spanish (the language he reads and understands best), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

105. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff Venegas, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

106. Defendants are liable to Plaintiff Venegas in the amount of $5,000, together with costs and attorneys' fees, pursuant to NYLL § 198(1-b).

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

107. Plaintiff Venegas repeats and realleges all paragraphs above as though fully set forth herein.

108. With each payment of wages, Defendants failed to provide Plaintiff Venegas with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

109. As a result of Defendants' failure to furnish accurate statements to Plaintiff Venegas, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

110. Defendants are liable to Plaintiff Venegas in the amount of $5,000, together with costs and attorneys' fees, pursuant to NYLL § 198(1-d).

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS ("TOOLS OF THE TRADE")

111. Plaintiff Venegas repeats and realleges all paragraphs above as though fully set forth herein.

112. Defendants required Plaintiff Venegas to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as an electric bicycle, electric motors, bicycle tools, and replacement tubes, further reducing his wages in violation of the FLSA and NYLL, 29 U.S.C. § 206(a), 29 C.F.R. § 531.35, and N.Y. Lab. Law §§ 193 and 198-b.

113. Plaintiff Venegas was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF THE NEW YORK CITY EARNED SAFE AND SICK TIME ACT

114. Plaintiff Venegas repeats and realleges all paragraphs above as though fully set forth herein.

115. At all relevant times, Plaintiff Venegas was an "employee," and Defendants were an "employer," within the meaning of N.Y.C. Admin. Code § 20-912, and Plaintiff Venegas worked more than 80 hours per calendar year in New York City.

116. Upon information and belief, at all relevant times Defendants employed approximately 20 employees, and therefore more than five employees, and were required to provide each employee with up to 40 hours of paid safe and sick time per calendar year, accruing at a rate of at least one hour for every 30 hours worked, pursuant to N.Y.C. Admin. Code § 20-913.

117. Defendants failed to provide Plaintiff Venegas with paid safe and sick time, failed to provide him with the written notice of rights required by N.Y.C. Admin. Code § 20-919, and failed to provide him, for each pay period, with documentation of the amount of safe and sick time accrued and used and his remaining balance, as required by N.Y.C. Admin. Code § 20-920.

118. Plaintiff Venegas is entitled to bring this claim directly in court pursuant to N.Y.C. Admin. Code § 20-924.1, and to recover all relief available under N.Y.C. Admin. Code § 20-924, including compensatory damages, civil penalties, and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Venegas respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Venegas and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Venegas's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Venegas and the FLSA Class members;

(e) Awarding Plaintiff Venegas and the FLSA Class members damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages, including the cost of tools of the trade, under the FLSA as applicable;

(f) Awarding Plaintiff Venegas and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Venegas;

(h) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Venegas;

(i) Declaring that Defendants violated the spread of hours wage order of the New York Commissioner of Labor as to Plaintiff Venegas;

(j) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Venegas's compensation, hours, wages, and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Venegas;

(l) Awarding Plaintiff Venegas damages for the amount of unpaid minimum wage and overtime compensation, unpaid spread of hours pay, and the cost of tools of the trade, and for any improper deductions or credits taken against wages, as applicable;

(m) Awarding Plaintiff Venegas damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b) and 198(1-d);

(n) Awarding Plaintiff Venegas liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL §§ 198 and 663 as applicable;

(o) Declaring that Defendants violated the New York City Earned Safe and Sick Time Act, and awarding Plaintiff Venegas all relief available under N.Y.C. Admin. Code §§ 20-924 and 20-924.1;

(p) Awarding Plaintiff Venegas and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff Venegas and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Venegas demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
October 28, 2026

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: /s/ *Michael Faillace*_
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Michael@faillacelaw.com

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Miguel Venegas

Signature / Firma: [signature]

Legal Representative / Abogado: Michael Faillace & Associares, P.C.

Date / Fecha: October 27, 2026